

FILED

2007 JAN 26 AM 10: 4

CLERK U.S. DISTRICT CO
NORTHERN DISTRICT OF O
CLEVELAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Rodney W. Johnson, | : | Case No. 4:06CV1167 |
| Plaintiff | : | Judge Christopher Boyko |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claims for disability benefits, (DIB), 42 U.S.C. §§416, 423 and supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in his favor and defendant seeks final judgment upholding the decision below.

The plaintiff applied for benefits on October 15, 2000, alleging an onset date of November 1, 2002.

Upon denial of plaintiff's claims on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on July 11, 2005. Also testifying at that proceeding was a vocational expert, Mr. Ted Macy.

At that hearing the plaintiff testified that he lost sight in his right eye a number of years

before[1] as a result of being shot in the face by shot gun pellets, and that he was suffering from deteriorating vision in his left eye. He maintained that his limited vision caused balance problems, and that this rendered him unable to work, adding that "because of my vision I do have a tendency to shy away from the public. I don't go out anymore. I don't socialize anymore. I'm confined pretty much to my room. I don't like I'm a shell or something. I just don't get out and about anymore."

On July 27, 2005 the ALJ entered his opinion denying plaintiff's claims. That decision became defendant's final determination upon denial of review by the Appeals Council on April 22, 2006. The ALJ's "Findings," which represent the rationale of decision, were:

1. The claimant met the disability status insured status requirements of the Act on November 1, 2002, the date he allegedly became unable to work, and continued to meet them through September 30, 2007.

2. The claimant has not engaged in substantial gainful activity at any relevant time.

3. The claimant suffers from blindness in his right eye, myopia in his left eye, borderline intellectual functioning, and polysubstance dependence (in remission), each of which is a severe impairment.

4. The claimant has no impairment, either individually or in combination, that meets or that is medically equivalent to the criteria of any impairment listed in appendix 1, subpart P, 20 C.F.R. part 404.

5. The claimant's assertions concerning his ability to work are credible to the extent of the limitations of his residual functional capacity.

6. The claimant retains the following residual functional capacity. He has no exertional limitations (20 C.F.R. §§404.1567, 416.967). He can do no tasks requiring depth perception or

---

[1] The record indicates that it was about twenty years earlier.

2

acute vision. He must avoid all exposure to hazards. He is precluded from occupational driving. He is limited to simple, routine tasks.

7. The claimant is unable to perform his past relevant work.

8. The claimant has been a younger person at all relevant times.

9. The claimant has a limited education.

10. In view of the claimant's age, the issue of transferability of work skills is not material.

11. If the claimant could do the full range of work, a finding of not disabled would be directed to Medical-Vocational Rule 204.00. He cannot perform the full range of work, however, because of his non-exertional limitations. Considering his age, education, work experience, and residual functional capacity within the framework of Medical-Vocational Rule 204.00, there are a significant number of jobs in the national economy to which he can be expected to make a successful vocational adjustment. Examples of such jobs are set out in the body of this decision.

12. The claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. §§404.1520(g) and 416.920(g).

The standards which control on a review of this nature were summarized by the Sixth Circuit in Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) as follows:

> Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary employed the proper legal criteria in reaching her conclusion, Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967). This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility, Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972). Rather "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. §405(g).
>
> The Supreme Court has stated that "substantial evidence" is "such

3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantiality of the evidence must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), citing Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the 'substantiality of evidence must take into account whatever in the record fairly detracts from its weight'." Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978), quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474 (1951). "We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence." Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).

In resolving the issue of whether the defendant's final determination is supported by substantial evidence the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Secretary's determination. Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the defendant and yet be obliged to affirm the defendant's final determination. In Mullen v. Bowen, 800 F.2d 535, at 545 (6th Cir. 1986), the court cited with approval the following from Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984):

> The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposition decision.

Before addressing the sole argument advanced on this appeal, which derives from the response by Mr. Macy to a question propounded by plaintiff's counsel, this Court believes that the question of the basis of plaintiff's claimed disability as he articulated it must be considered.

The fact is that it appears that the plaintiff's claim of the extent of his visual impairment is

4

not supported by the medical evidence in this record, as found by the ALJ who stated in the body of his opinion "Furthermore, eye examinations do not support the limitations he alleges with respect to his left eye." Both the plaintiff's ophthalmologist and a consultant who examined the plaintiff upon referral of the Social Security authorities reported that visual fields as plotted were not consistent with their findings. See, R. 124, 134.

On this appeal it is argued that Mr. Macy's testimony establishes that the plaintiff suffers from psychological, i.e. non-exertional, limitations which render him unemployable. The predicate of the question put to Mr. Macy which elicited this testimony were reports from Dr. Joseph P. Irilli, a clinical psychologist who evaluated the plaintiff upon referral of the Social Security authorities, Exhibit 3F, and a Mental Residual Functional Capacity Assessment completed by a state agency reviewer, Exhibit 4F.

This Court recognizes that Mr. Macy's testimony lends support to the plaintiff position. However, when the exhibits referenced by plaintiff's counsel in his question to Mr. Macy are examined it is clear that the opinions of Dr. Irilli and of the state agency reviewer do not lead to that conclusion.

Dr. Irilli's report concludes with the statement "Overall, it would be concluded that the claimant has the ability to perform at least simple tasks," and he also stated that the plaintiff "does seem to have sufficient capacity to relate to supervisors and co-workers to complete simple repetitive work-like tasks" and that the plaintiff "certainly seems capable of comprehending and completing simple routine tasks both at home and in the community...[and] is assessed as having the mental capacity to understand, remember and follow simple instructions." Dr. Irilli assigned the plaintiff a GAF of 63, in the mid-range of "moderate symptoms" connoting only moderate difficulty in

5

occupational functioning.

Similarly, the evaluation by the state agency reviewing psychologist concludes with the determination that "It appears the clmt has the ability to perform simple work related tasks without much difficulty."

Based upon the foregoing this Court finds that the ALJ's determination that the plaintiff is capable of performing "simple, routine tasks" was certainly within his zone of choice. It is, therefore, recommended that final judgment be entered in defendant's favor.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: January 26, 2007

### OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).