**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RODNEY W. JOHNSON,** | ) | **CASE NO. 4:06CV1167** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. For the following reasons, the Court OVERRULES Plaintiff's Objections, ADOPTS the Report and Recommendation of the Magistrate Judge, and SUSTAINS the Administrative Law Judge's decision finding Plaintiff was capable of performing simple, routine works tasks, and is thus not eligible for Social Security Disability benefits.

**FACTS**

Rodney Johnson applied for Social Security benefits on October 15, 2003, alleging an

onset date of November 1, 2002. Johnson claimed he was suffering from deteriorating vision and balance problems, rendering him unable to work. Upon denial of Johnson's claims initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). An evidentiary hearing, at which Plaintiff was represented by counsel, was held July 11, 2005. On July 27, 2005 the ALJ entered his opinion denying Plaintiff's claims, finding that Plaintiff was not disabled because he could perform a significant number of jobs at all exertional levels despite his impairments. This decision became the Commissioner's final decision upon denial of review by the Appeals Council on April 22, 2006. Plaintiff then sought judicial review of the decision denying his claim for disability benefits in this Court. The Magistrate Judge issued a decision on January 26, 2007 recommending that final judgment be entered in Defendant's favor. Plaintiff then filed his timely Objection to the Magistrate Judge's Recommendation on January 30, 2007. Defendant responded to the Objection on February 13, 2007, requesting that the Court affirm the decision of the ALJ.

**STANDARD OF REVIEW**

42 U.S.C. § 405(g) provides that an individual may obtain review of any final decision of the Commissioner of Social Security by civil action commenced within sixty days of receipt of the decision. Such action shall be brought in the District Court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. This court's standard of review is limited to whether there is substantial evidence in the record to support the Commissioner's decision. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## ANALYSIS

### *Perales* as applicable law

In his Objection to the Magistrate's Recommendation and Report, Johnson contends the Magistrate Judge erred in relying upon *Richardson v. Perales*, 402 U.S. 389 (1971). Plaintiff maintains *Perales* deals with the admissibility of medical reports and whether they constitute substantial evidence. While it is true the holding in *Perales* does concern that issue, *Perales* is still good law, and was cited by the Magistrate Judge only once, as a basis for defining the substantial evidence standard.

Although the *Perales* case was decided in 1971, it remains relevant, as it sets out and defines the substantial evidence standard still used today. Congress provided for federal court review of Social Security administrative decisions; however, the scope of review is limited under 42 U.S.C. § 405(g), which provides that findings as to any fact, if supported by substantial evidence, shall be conclusive. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)**.** This means the Court need only determine whether the Magistrate Judge's decision is supported by substantial evidence. *Id*. at 772.

Plaintiff's Objection as to the relevance of the *Perales* decision lacks merit, as the substantial evidence definition laid out in *Perales* is the same standard still currently used. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton*, 246 F.3d at 772. In other words, substantial evidence is "more than a mere scintilla," and the finding of the ALJ must stand as long as the evidence reasonably supports the conclusion reached. *Id*. The decision of the ALJ in a Social Security proceeding is not subject to reversal, even if there is substantial evidence that would

-3-

have supported the opposite conclusion, as long as substantial evidence supports the conclusion the ALJ did reach. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Johnson also maintains in his Objection that there is no reference to any "zone of choice" in the *Perales* decision. He asserts *Perales* has created a "folk-lore status" about "substantial evidence" and "zone of choice," suggesting the decision does not stand for either of these concepts. Plaintiff correctly asserts that *Perales* makes no reference to any "zone of choice." "Zone of choice," however, merely refers to the discretion afforded to the Social Security Commissioner in making his or her decision. That is, the Commissioner's decision can only be overturned if it is not supported by substantial evidence, thus affording the Commissioner significant leeway in making a determination. This discretion is not "folk-lore" created by misinterpreting the holding of *Perales*, as Plaintiff suggests, but is provided for by 42 U.S.C. § 405(g), which specifically states that any decision by the Commissioner supported by substantial evidence shall be conclusive.

The Sixth Circuit has reinforced this concept of a "zone of choice" by holding that "findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .This is because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772. Even if the reviewing court disagrees with the Commissioner's decision, or believes that substantial evidence would support a contrary determination, the Court remains obligated to affirm the Commissioner's final determination if found to be supported by substantial evidence. In the case at bar, there exists substantial evidence to support the ALJ's determination not to award benefits; therefore, the ALJ was well within his "zone of choice,"

and the decision is affirmed.

**Weight of evidence**

In his second Objection, Plaintiff contends the ALJ erred in weighing examining psychologist Dr. Irilli's report. (ECF DKT # 21). Specifically, Plaintiff asserts that Dr. Irilli was unqualified to give a vocational opinion. (ECF DKT # 21). As previously discussed, the ALJ must consider the evidence as a whole in determining whether there is substantial evidence to support a finding. A court may not "focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence." *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantiality of the evidence must be based upon the record taken as a whole. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).

At the hearing before the ALJ, Plaintiff testified he lost sight in his right eye over ten years prior, and the vision in his left eye was deteriorating. Hearing Transcript at 171 ("R. 171"). He claimed the deteriorating vision in his left eye was causing problems with his equilibrium, thus rendering him unable to work. R. 172. In examining the record, however, it is clear Plaintiff's claims are inadequate to support a conclusive finding that he is disabled. Both Plaintiff's opthalmologist, and a consultant who examined Plaintiff upon referral by Social Security authorities, reported that visual fields as plotted were not consistent with their findings. *See* R. 124, 134. Dr. Wang, the opthalmologist, found the left eye to be "within normal limits," and the consultant reported the left eye to be "normal, except for mild myopia." *See* R. 123, 131. As the Magistrate Judge observed in his Recommendation, Johnson's claim with respect to the extent of his visual impairment is unsupported by medical evidence found in the record.

Additionally, Dr. Irilli noted in his report that Johnson has "sufficient capacity to relate to

supervisors and co-workers to complete simple repetitive work-like tasks." R. 113. Although Dr. Irilli found that Johnson's mental ability to relate to others, and to understand and follow instructions, appeared to be moderately impaired by his borderline verbal and performance intelligence, he stated that Johnson "certainly seems capable of comprehending and completing simple routine tasks both at home and in the community." R. 113. The report states that Johnson has no significant mental impairment in the areas of attention, concentration, persistence, and pace, and that his pace and persistence were within normal limits. R. 114. Dr. Irilli concluded that, overall, Johnson has the ability to perform at least simple, repetitive tasks. R. 114.

Likewise, the state agency reviewing psychologist determined that Johnson appeared to have the ability to perform simple work-related tasks without much difficulty. R. 118. He observed that Johnson was "moderately impaired" by his intellect, but his attention, concentration, persistence and pace fell within normal limits. R. 118.

The testimony given by Mr. Macy, the vocational expert, in response to the final hypothetical, lends apparent support to the Plaintiff's position that he is unemployable. Macy initially testified there were jobs in the national and regional economy the hypothetical worker could do; however when later presented with another scenario of assumptions by Plaintiff's attorney, he testified he did not think there would be any competitive jobs available without special accommodation. Examining the exhibits referenced by Plaintiff's counsel in his questions to Macy, however, lends support to the opposite conclusion. Exhibit 4F characterizes Johnson as no more than moderately limited in certain areas, and in the majority of cases, not significantly limited at all. R. 116. Exhibit 3F also suggests he is only moderately impaired, and

is capable of comprehending and completing simple, routine tasks. R. 113.

Social Security Administration regulations provide that every medical opinion received must be evaluated. Under 20 C.F.R. § 404.1527, the Commissioner must look at the examining relationship as a factor in deciding how much weight should be afforded to opinions of physicians. Generally, more weight is given to a source who has examined a claimant than to one who has not. In this case, Dr. Irilli had the opportunity to examine Plaintiff on two separate occasions, and assess Johnson based on personal observations. Although Dr. Irilli is not a treating physician, he is an examining physician and his report should be afforded significant weight in making a disability determination. All of the reports taken together demonstrate the ALJ's decision was supported by substantial evidence and his findings were justified.

## **CONCLUSION**

There is substantial evidence in the record to support the ALJ's decision that Plaintiff Rodney Johnson has the capacity to perform simple, routine tasks, despite his impairments. 42 U.S.C. § 405(g) provides the decision of the Commissioner must stand as long as substantial evidence exists to support the determination. Therefore, Johnson's Objections are OVERRULED, the Report and Recommendation of the Magistrate Judge is ADOPTED, and the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

| | |
|---|---|
| June 12, 2008 | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |
| | Original Signature on file |